IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED

DEC 1 4 2006

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

IN RE:

Marvin T. Younger and
Denise Craig-Younger,
    Debtors

Bankruptcy No. 04-29034-JKF
Chapter 13

Marvin T. Younger and
Denise Craig-Younger
    Plaintiffs
v.

Pennsylvania Resources Corporation,
First Liberty Financial Services, Inc.,
Conseco Finance Consumer Discount Co.,
Conseco Finance Home Equity Loan
    Trust 2002-C, U.S. Bank National
    Association, as Trustee,
EMC Mortgage Company,
Greentree Financial Corporation, and
Ronda J. Winnecour
    Defendants

Adversary No. 04-3292
**Related to Dkt. No. 79**, Application for
Compensation filed by David A. Colecchia

## MEMORANDUM OPINION[1]

**Facts and Background:**

David Colecchia ("Colecchia'), counsel for the Debtors, seeks recovery of attorneys fees under §330(a)(4)(B) of the Bankruptcy Code. Colecchia represented the Debtors in the underlying Truth in Lending ("TILA") action, *Younger v. Greentree Finance Co.*, Adv. No. 05-2403.[2] On March 24, 2004, Debtors and Colecchia signed a fee agreement. *See* Adv. Dkt. No.

---

[1]This Memorandum Opinion constitutes our findings of fact and conclusions of law. The court's jurisdiction was not at issue.

[2]Debtors filed for bankruptcy on July 8, 2004, and the adversary proceeding was filed on November 21, 2004. The bankruptcy case was dismissed without prejudice on November 30,
(continued...)

1

65, Exhibit B. A trial was held on January 17, 2006. Thereafter, the parties to the TILA action settled and filed a stipulation of settlement in May of 2006. *See* Adv. Dkt. Nos. 63, 67, 73. Colecchia filed a fee petition on May 11, 2006. Av. Dkt. No. 65. This fee petition was dismissed for failure to comply with Local Rules. Adv. Dkt. No. 70. Colecchia filed another fee petition on July 7, 2006, Adv. Dkt. No. 79, and amended it with exhibits filed on August 6, 2006, and August 11, 2006. Adv. Dkt. Nos. 87, 88. A hearing on the fee application was held on August 15, 2006. Additional time was provided to COlecchia to brief certain issues. Colecchia filed his brief to recover attorneys fees on October 20, 2006, under §330 of the Bankruptcy Code.

In his fee petition,[3] Colecchia asserts that he should receive attorneys fees for 116.58 hours expended in this Adversary in the amount of $17,837 because a substantial benefit accrued to the estate and the Debtors. Adv. Dkt. No. 79 at 3. At the hearing on August 15, 2006, the Debtors admitted that they agreed to a fee of $7500. Transcript of August 15, 2006, Adv. Dkt. No. 96, at 14. Colecchia claims that due to this assistance, the mortgage amount was decreased from $282,834 to $129,618, which resulted in a savings to Debtors of $153,216 in interest and

---

[2](...continued)
2004, and was reopened at a hearing held on January 19, 2005, pursuant to a motion to reconsider the dismissal. Bankr. Dkt. Nos. 42, 52. The order reopening the case was signed and docketed on January 25, 2005. Bankr. Dkt. No. 54. The order was also docketed at Adv. No. 04-3292 at Adv. Dkt. No. 10.

[3]Colecchia's fee application does not record the $1750 he had been paid as a retainer for his "no-look" fee.

2

principal over the life of the mortgage. Adv. Dkt. No. 79, at 2.[4] There is no doubt that Debtor benefitted from Colecchia's services. The issue is at what cost.

The Chapter 13 Trustee filed an amended objection to the fee petition on July 21, 2006. Adv. Dkt. No. 85.[5] The Chapter 13 Trustee argues that the court should deny the fees because they are excessive and because the Chapter 13 Trustee could not "ascertain the benefit to the estate and not only the debtors." *Id.* at 1, 2, ¶¶ 4, 7. The Chapter 13 Trustee asserts that Colecchia billed hours that were unreasonable, excessive, and inaccurate. *Id.* at 2, ¶ 8. In addition the Chapter 13 Trustee cites several instances in which Colecchia failed to attend a hearing or conference on behalf of the Debtors. Adv. Dkt. No. 85 at 2, ¶¶ 7, 8. For instance, the Chapter 13 Trustee notes that Colecchia failed to attend the November 23, 2005, conciliation conference with respect to an amended plan,[6] yet charged for 1.5 hours. Colecchia insists that he should be paid for this time because he was in the courthouse but missed the hearing due to a "heated exchange" with the Debtors in the hall outside the courtroom and failed to hear the call for the hearing. Adv. Dkt. No. 100 at 6. Colecchia then charged for 3.5 hours to attend the plan confirmation hearing on November 29, 2005, which was necessitated only because he failed to attend the conciliation conference on November 23.

---

[4] In his brief in support of his fee application Colechhia states that through his efforts the principal balance of Debtors' mortgage was reduced from $86,240.41 to $51,000 representing a savings of $35,240.41 in principal. Adv. Dkt. No. 100 at 7. He asserts that the amount of the mortgage payment decreased from $822.93 per month to $398.55 per month. *Id.*

[5] The amended objection is docketed as "Response to objection to fee petition" but is in fact the Chapter 13 Trustee's amended objection to the fee petition.

[6] Several amended plans were filed in this case. A plan was finally confirmed on August 21, 2006. Bankr. Dkt. No. 117. *See* note 14, *infra*.

3

In addition, the Chapter 13 Trustee points out that Colecchia charged 3.5 hours to attend the March 22, 2006, contested plan confirmation hearing, which was only held because he failed to attend a conciliation conference on March 9, 2006, and failed to file a motion for a continuance. Adv. Dkt. No. 85 at 2, ¶ 8. The Chapter 13 Trustee also notes that Colecchia has held himself out to the court and to the Chapter 13 Trustee as an expert in Truth in Lending law, *id.* at ¶ 6, and that 47 hours for research is unnecessary for an expert in that area. Transcript of August 15, 2006, Adv. Dkt. No. 96, at 4. Colecchia contended at that hearing that it was the first time he heard most of the Chapter 13 Trustee's objections to his fees. He asserted that he has the right to know the objections from the parties and from the court before he has to respond and justify his requested fees. The court agrees that he has the right to know of other parties' objections and to an opportunity to respond to those objections. The court, however, uses the hearing to ask questions and address concerns. That is what occurred in this case. To the extent Colecchia contended at the hearing on August 15, 2006, that he needed additional time to respond, the court provided ample time and then granted an extension of time to Colecchia to file a brief setting forth additional argument on his behalf in opposition to the Chapter 13 Trustee's and Debtors' objections to his fee request and to address the court's concerns. *See* Order of August 18, 2006, Adv. Dkt. No. 92. Thus, any argument that Colecchia has not had adequate opportunity to address issues is unfounded.

**Discussion:**

An attorney may recover fees under §330(a). That section allows "reasonable compensation for actual, necessary services." The Court Procedures Manual for this Bankruptcy Court sets a maximum "no-look" fee for chapter 13 cases at $2000 for cases filed before October

4

17, 2005, and requires a fee application for fees that exceed this amount. Colecchia asserts that this court's Chapter 13 Procedure #3[7] regarding fee applications in chapter 13 cases which sets a "no-look" fee requires counsel to

> comport to a rigid standard of professionalism and provide a multitude of included services even where 1) Counsel may not be competent (or experienced) to provide such services, and 2) such services may not be contemplated by Counsel when initially accepting the Chapter 13 case for filing.

Adv. Dkt. No. 100 at 8-9. We note first that an attorney should not, without associating competent counsel, accept cases counsel is incompetent to handle. Second, the services included

---

[7]*See* http://www.pawb.uscourts.gov/pdfs/CourtProceduresManual.pdf at 41-42. The current limit is $2500. As noted, the limit in effect when this case was filed was $2000. Procedure #3 at that time provided as follows:

> The $2,000 limit contemplates that the debtor(s) will be interviewed by an attorney, that accurate and complete schedules will be prepared, that the debtor(s) will be briefed on the Chapter 13 process, that all documents will be explained and that the attorney will file a Chapter 13 plan that meets with the requirements of Local Form No. 9 and that is capable of confirmation.
>
> The fee also contemplates that the counsel will attend the first Meeting of Creditors, all hearings, and will remain counsel of record until the case is either completed or dismissed, unless the Court has issued an order discharging the attorney as counsel of record.
>
> Counsel is expected to file all motions and objections contemplated in the confirmed plan in a timely fashion. Counsel is also expected to file and complete representation without additional charge to the debtor(s) for the duration of the Chapter 13 case . . . . .
>
> Nothing in this rule shall preclude additional fees being awarded by the court after the filing of a fee application.

5

in Procedure #3 are descriptive of the minimum general requirements under the Bankruptcy Code and standards of professional conduct required to facilitate a chapter case from the date of filing through plan confirmation. The "no-look" fee is based on hourly rates in the locality and the general amount of work required by the typical chapter 13 case. It in no way restricts counsel's zealous representation of debtors. In bankruptcy cases fee applications are required if an attorney expects to be paid from the debtor's or the estate's assets. The no-look fee does away with the necessity for filing a fee application in every chapter 13 case for routine services, thereby reducing the costs to debtors, the estate and counsel and facilitating increased payment to creditors.[8] There is no restriction on counsel's representation of a debtor. The Procedure simply requires that a fee application be filed if counsel incurs fees in excess of the "no-look" amount.[9]

We also note that a similar "no-look" presumptive fee based on guidelines for a basic chapter 13 case and requiring a fee application for additional fees based on hours expended was approved by the Court of Appeals for the Ninth Circuit recently in *In re Eliapo*, 468 F.3d 592 (9th Cir. 2006). The *Eliapo* court cited several cases to the same effect. 468 F.3d at 598 (the "lodestar" approach). In a chapter 12 or 13 case "the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the

---

[8]Attorneys are permitted to include in fee applications the cost of preparing the applications. *Cf.* 11 U.S.C. §330(a)(6)("[a]ny compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application"). By eliminating this additional expense, costs to the estate, debtors and creditors are reduced.

[9]Other matters asserted in Colecchia's brief at Adv. Dkt. No. 100 – that Procedure #3 is inadequate to provide all parties a full and fair hearing concerning fee applications is without merit - a hearing was held and Colecchia was given yet another opportunity to justify the fees he seeks to charge. We find that he failed to do so under the facts of this case

6

debtor and the other factors set forth in this section." 11 U.S.C. §330(a)(4)(B). Colecchia contends that Procedure #3 creates a conflict of interest under ABA Model Rule 1.7[10] by pitting an attorney's pecuniary interest against the client's needs, the Procedure, and the rights of unsecured creditors. ABA Model Rule 1.7 precludes an attorney from representing a client if the attorney has a conflict of interest which can include a situation in which the attorney has a personal interest, in this case, according to Colecchia, the attorney's interest in being paid. Colecchia misinterprets the purpose and function of chapter 13 fee application procedure and the dictates of professional conduct rules - there is nothing in the procedure that restricts or dictates how counsel represents clients; it merely describes what services shall be subject to the "no-look" amount, i.e., the basic services necessary to get the typical plan through confirmation. Counsel may seek additional fees in those cases requiring additional work, the charge for which exceeds the "no-look" amount. To do so, however, a fee application must be filed and the fees are subject to the dictates of the Bankruptcy Code as to reasonableness and necessity. Furthermore, the fact that counsel seeks to be paid for services rendered does not create a conflict of interest. If that was the case, no attorney could ever be paid for any work performed for a client.

With respect to fees generally, §330 directs the court to look to "the nature, the extent, and the value of such services." 11 U.S.C. §330(a)(3). Section §330(a)(3) provides several factors that should be considered when deciding reasonableness of compensation which include:

> (A) the time spent on such services;

---

[10]Pennsylvania has adopted rules similar to the ABA Model Rules of Professional Conduct but Colecchia does not cite them. Pennsylvania's rules can be found at 204 Pa.Code §214 *et seq.*

7

>(B) the rates charged for such services;
>(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The Court of Appeals for the Third Circuit held that these factors are not all inclusive. *In re Lan Associates XI, L.P.*, 192 F.3d 109, 123 (3d Cir. 1999). The Court of Appeals cited several cases that relied on *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which listed twelve factors that are useful in determining the reasonableness of attorneys fees. 192 F.3d at 123. Those factors are:

>The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.

*Id.* at n.8, citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d at 717-19.

The Court of Appeals for the Third Circuit has not determined whether a benefit to the estate is required under §330(a)(4)(B). *In re Eliapo*, 468 F.3d at 602, n.5, stated that the Court of Appeals for the Third Circuit in *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833 (3d Cir.

8

1994), assumed that §330(a)(1) governed attorneys fees, but that since the U.S. Supreme Court's decision in *Lamie v. U.S. Trustee*, 540 U.S. 526 (2004), the controlling provision relating to chapter 13 debtors' counsel is §330(a)(4)(B), and a hearing is not required to address contested fee applications.[11] *Busy Beaver* required a hearing pursuant to Fed.R.Bankr.P. 2017(b). *See also* 11 U.S.C. §102(1)(A), (B)(i)(notice and hearing required as appropriate in the circumstances; no actual hearing required if not timely requested by a party after appropriate notice). Pursuant to §102(1)(A) and (b)(i), therefore, the *Eliapo* court opined that a hearing should be held whenever a material reduction in requested fees is contemplated.

The Bankruptcy Court for the Middle District of Pennsylvania reviewed whether a benefit to the estate is required under §330(a)(4)(B). *See In re MacKay*, 323 B.R. 903, 906 (Bankr.M.D.Pa. 2005). In *MacKay*, the chapter 7 trustee argued that the time entries on the debtor's attorney's fee application did not "reasonably benefit" the estate, 323 B.R. at 906, and, therefore, the fees should be denied. The attorney for the debtor argued that "services can be awarded for representing the interests of the debtor in connection with the bankruptcy case based upon a consideration of the benefit and the necessity to the debtor." *Id.* The court held:

> [r]eading §330(a)(4)(B) in conjunction with §507(a)(1) and §503(b)(2)[ ] provides the authority for this Court to determine it may allow compensation to Applicant for his services provided during the Chapter 13 case which did not necessarily benefit the estate but were reasonable and necessary to services rendered on behalf of the debtor.

*Id.* at 907. Therefore, under *MacKay*, the services do not necessarily have to benefit the estate, but they must nonetheless be necessary and reasonable.

---

[11]Nonetheless, this court held a hearing and intends to continue to do so when fee applications are contested.

9


In a chapter 13 proceeding in this district, an attorney practicing in Bankruptcy Court is subject to the requirements of the Court Procedures Manual. This document sets out additional requirements for debtors' attorneys with regard to fee applications in chapter 13 cases.[12] This case was filed prior to October 17, 2005, and, therefore, the prior procedure controls. That procedure does not contain language with regard to benefit to the estate. In light of *MacKay* and the procedures in effect in this district, this court will review whether the additional attorneys fees were reasonable and necessary under §330(a)(4)(B).

The "may award" language of §330 gives the court the discretion to determine which fees are reasonable. *In re Busy Beaver Building Centers, supra*, 19 F.3d at 841. If the fees are reasonable and necessary within §330, they may qualify for priority pursuant to §503(b)(2) and §507(a)(2). Section §330 of the Bankruptcy Code imposes on bankruptcy courts an independent duty to scrutinize fee applications" because of the potential for conflicts of interest between attorneys seeking compensation and their clients. *Id.*, citing *Cunningham v. City of McKeesport*, 753 F.2d 262, 267 (3d Cir. 1985), *vacated on other grounds*, 478 U.S. 1015 (1986). Courts frequently calculate reasonable compensation by looking at "the number of hours expended

---

[12]The revised Chapter 13 Procedure #3, applicable to cases filed after October 17, 2005, (inapplicable to this case) sets the "no-look" fee at $2500 and contains a provision whereby debtors' counsel may request fees for providing a benefit to the estate. The procedure provides:

> Additional services provided by the debtor's counsel that serve as the basis of a supplemental fee petition may provide a benefit to the estate. In such cases the fee application must specify the benefit that the estate received and whether the unsecured creditors would receive a lower dividend under the existing plan if the fee application were granted and the fees were paid by the trustee from debtor's plan payments.

10

multiplied by the hourly rate." *In re Smith*, 331 B.R. 622, 628 (Bankr.M.D.Pa. 2005), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In the Third Circuit, courts have held "that only time entries separately listed and explained in detail are compensable." *In re American Metallurgical Prods. Co., Inc.*, 228 B.R. 146, 162 (Bankr.W.D.Pa. 1998), citing *In re Meade Land & Dev. Co.,Inc.*, 527 F.2d 280, 283 (3d Cir. 1975), *superseded by statute on other grounds*; *see In re Busy Beaver Building Centers, Inc.*, 19 F.3d at 849 n.20.

From our review of Colecchia's fee application, we find that he includes some unnecessary, excessive and inappropriate fees. Section 330(a)(3)(D) requires the court to determine "whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed." A fee applicant has the burden of demonstrating that the fees requested were earned and are reasonable. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3d Cir. 1995). The Chapter 13 Trustee in the instant matter asserts that Colecchia held himself out to be a Truth in Lending expert and that 47 hours for research and writing is unreasonable and excessive on that basis. Transcript of August 15, 2006, Adv. Dkt. No. 96, at 4; Adv. Dkt. 85 at 2. Colecchia stated that this was a difficult case and required extensive research and writing. Adv. Dkt. No. 96 at 8-10; Adv. Dkt. No. 100 at 4, 5, 8, 16, 17. Colecchia is a bankruptcy attorney who has faced similar issues before and has held himself out to be an expert in Truth in Lending law. We recognize that additional fees were agreed to by Debtors but Colecchia has not established that the 47 hours of billable time for research and writing were reasonable or necessary in this case. To spend 47 hours in research and brief writing was, in this case, the "over-lawyering" the court described during the August 15, 2006, hearing. Adv. Dkt. No. 96 at

11

17. We find that 35 hours of research and writing is more than ample for an attorney for Colecchia's experience to have spent in this case. We reduce the 47 hours to 35 hours.

Under §330(a)(4)(A)(i) an attorney should not receive compensation for unnecessary duplication of services. There are two instances evident in the application, First, Colecchia should not recover for the time spent for one of the two hearings (November 23 or November 29) because the second hearing was necessitated by his alleged argument with the Debtors outside the courtroom on November 23, 2005. Colecchia billed 1.5 hours for the November 23, 2005, hearing and then billed 3.5 hours for the subsequent hearing on November 29. Adv. Dkt. No. 65, Exhibit A. The 1.5 hours is disallowed. Regarding the second instance, Colecchia billed in March, 2006, for a contested confirmation on March 22, 2006, that was held only because he failed to appear on March 9, 2006. Colecchia will not be permitted the entire 3.5 hours to attend the contested plan confirmation hearing on March 22, 2006. He will be allowed 1.0 hours for that hearing. That hearing would have been unnecessary if he had attended the March 9, 2006, hearing or had filed a motion for a continuance.

In addition, on occasion Colecchia "bundled' or "lumped" services in his fee petition making it impossible to determine the necessity and reasonableness of the services. *See In re McGuier*, 346 B.R. 151, 164 ((Bankr.W.D.Pa. 2006). The practice of "lumping" fees is not accepted. It is impermissible under the local rules. Local Rule 2016-1-C.1 requires that all fee entries shall "list each service or task separately ad state the amount of time expended in its performance." Colecchia failed to state travel time separately. He has lumped together travel time with the time spent to the hearing on January 19, 2005, to reopen the case and it appears from the fee petition that travel time is not separately accounted for in any event. Adv. Dkt. No.

65, Exhibit A. Colecchia admitted to this at the August 15, 2006, hearing when he stated that the 6 hours of time billed for January 19 included three hours of travel time. Adv. Dkt. No. 96 at 7-8. We make no reduction for the lumping at this time but will do so in the future.[13]

Most significantly, however, this fee petition is filed in the adversary action to recover fees for its prosecution. Nonetheless, it includes at least 14 hours, inclusive, on October 17, 2005, October 18, 2005, November 23, 2005, November 29, 2005, and March 22, 2005 related to plan preparation and confirmation. Those 14 hours were part of the "no-look" fee that the court awarded Colecchia at the outset of the case. The no-look fee is intended to include preparation and finalization by counsel of a confirmable and confirmed plan. We agree with Colecchia that some of the additional fee Debtors agreed to pay is due to Debtors' conduct and demands in the case. Thus, we will not restrict the fee to the $7500 that Debtors agreed to pay. However, some of the fees were incurred because Colecchia filed several amended plans. A confirmable plan under the circumstances in this case depended on, *inter alia*, the outcome of the Truth in Lending action. Nonetheless, instead of seeking a continuance of plan confirmation until the action was resolved, Colecchia repeatedly filed amended plans, none of which, until the last, could be

---

[13] We also note that many entries in the fee itemization are not adequately described. For example, an entry dated 5/27/01 is described only as "Conference Pgh." It cannot be determined whether the conference was with Debtors, or a status conference with the court or the Chapter 13 Trustee or whether it was related to plan confirmation or the Adversary proceeding. Another entry dated 10/25/05 says simply "Update letter to Youngers." Again, it cannot be determined whether this is in relation to plan confirmation or the Adversary. A third example covers eleven entries in May of 2005 with respect to "Brief Preparation" and filing of a brief. It cannot be determined to which activities in the case the entries pertain. Because they are included in the fee application related to the Adversary, we understand that they deal with issues related to this TILA action. We make no reduction for these incomplete entries in the instant matter but, as with the "lumping," will do so in the future.

confirmed based on the status of the TILA action.[14] Therefore, for the reasons above stated, we will not approve the entire additional fee as requested. We thus reduce the number of hours from the 116.58 requested to 76.58 hours and so reduce the additional fee from $17,837 to $11,837.[15] Costs of $750 are approved.

An appropriate order will be entered.

DATE: December 14, 2006

*Judith K. Fitzgerald*
Judith K. Fitzgerald
United States Bankruptcy Judge

The Case Administrator will send copies of this Memorandum Opinion to the following:

cc:  David A. Colecchia, Esquire
324 South Maple Avenue
Greensburg, PA  15601

Marvin T. Younger
Denise Craig-Younger
10023 Frankstown Road
Pittsburgh, PA  15235

Chapter 13 Trustee

---

[14] The original chapter 13 plan was dated July 8, 2004, and filed on July 11, 2004, Bankr. Dkt. No. 5. The first amended plan was dated January 30, 2005, filed January 31, 2005, and docketed at the main case at Dkt. No. 57. Yet another amended plan, dated October 19, 2005, was filed on October 21, 2005, at the main case at Dkt. No. 83. The last plan was dated March 22, 2006, filed March 22, 2006, at Dkt. No. 98, and confirmed as modified on August 21, 2006, at Dkt. No. 117. We note that there is no difference in the amounts to be paid to general unsecured creditors in the plan filed on October 21, 2005, and the March 22, 2006, plan, the latter of which was filed after trial in the Adversary and confirmed several months after the TILA action was settled in May, 2006.

[15] We note that the March 22, 2006, plan that was confirmed as modified at the confirmation hearing on August 21, 2006, included a requested additional fee of ">$15,000 . . . pro rata" with other administrative priority claims. *See* Bankr. Dkt. No. 98 at ¶ 9; Bankr. Dkt. No. 117.

14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

Marvin T. Younger and
Denise Craig-Younger,
    Debtors

Bankruptcy No. 04-29034-JKF
Chapter 13

Marvin T. Younger and
Denise Craig-Younger
    Plaintiffs

v.

Pennsylvania Resources Corporation,
First Liberty Financial Services, Inc.,
Conseco Finance Consumer Discount Co.,
Conseco Finance Home Equity Loan
    Trust 2002-C, U.S. Bank National
    Association, as Trustee,
EMC Mortgage Company,
Greentree Financial Corporation, and
Ronda J. Winnecour
    Defendants

Adversary No. 04-3292
**Related to Dkt. No. 79**, Application for
Compensation filed by David A. Colecchia

## ORDER ALLOWING ATTORNEYS FEES AND COSTS

AND NOW, this 14th day of **December, 2006**, for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED and DECREED** that David A. Colecchia, counsel for Debtors, is awarded $11,837.00 in attorney's fees plus $750 in costs, for a total of $12,587.

_____
Judith K. Fitzgerald
United States Bankruptcy Judge

1

The Case Administrator will send copies of this Order to the following:

cc:  David A. Colecchia, Esquire
324 South Maple Avenue
Greensburg, PA  15601

Marvin T. Younger
Denise Craig-Younger
10023 Frankstown Road
Pittsburgh, PA  15235

Chapter 13 Trustee